**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WATSON GUIDE IP, LLC, and GUIDEDSMILE, LLC, | ) | |
| | ) | C.A. No.: 25-1515-JLH |
| Plaintiffs/Counterclaim Defendants, | ) | |
| v. | ) | |
| 360 IMAGING, LLC d/b/a 3Sixty, | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 11 of the Scheduling Order (D.I. 21), Plaintiffs Watson Guide IP, LLC and Guided Smile, LLC (together, "Plaintiffs") and Defendant 360 Imaging, LLC d/b/a 3Sixty ("Defendant") hereby submit these Joint Claim Construction Charts. In that regard, the parties have agreed on the construction of one term, and the agreed and disputed claim constructions are set forth in separate charts.

CONNOLLY GALLAGHER LLP

*/s/ Alan R. Silverstein*
Alan R. Silverstein (#5066)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 757-7300
asilverstein@connollygallagher.com

OF COUNSEL:

Bruce G. Chapman
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
(310) 887-1333
bruce@orbitip.com

*Attorneys for Plaintiffs Watson Guide IP, LLC and GuidedSMILE, LLC*

SHAW KELLER LLP

*/s/ Virginia K. Lynch*
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com

*Attorneys for 360 Imaging, LLC d/b/a 3Sixty*

Dated: August 14, 2026

## AGREED CLAIM CONSTRUCTION FOR U.S. PATENT NO. 11,173,016

| **Claim Term and Applicable Claims** | **Agreed Construction and Intrinsic Evidence**[1] |
|---|---|
| **"mouthpiece"**<br><br>Claims 8 and 13 | "a dental guide formed to more of the maxillary or mandibular structure than is contacted by the fixation base"<br><br>*See* USP 11,173,016 at 1: 41-45. |

[1] The Parties have agreed to this construction subject to the understanding that the agreed construction does not resolve the disputed constructions, including the claim 13 issue concerning whether contact with the opposing dental arch is required.

## DISPUTED CLAIM CONSTRUCTION FOR U.S. PATENT NO. 11,173,016

| Claim Term and Applicable Claims | Plaintiffs' Proposed Construction[2] and Intrinsic Evidence[3] | Defendant's Proposed Construction and Intrinsic Evidence |
|---|---|---|
| **"fixation base"**<br><br>Claims 6, 7, 8, 9, 10 and 13 | "a mounting device, attachable to the jawbone, for firmly holding other dental guides in position and providing geometrically correct reference points during a dental prosthesis installation procedure"<br><br>*See* USP 11,173,016 at 1:32-45, 1:53-67, 3:58-4:10, 4:24-36, 5:12-28, 5:38-48, 5:64-6:6 and 8:1-51; Figs. 1-2, 5A-5B, 7-11, and 12A-12W. | Plain and ordinary meaning; no special construction is necessary. Alternatively, if construed:<br><br>"a base attachable to the jawbone that provides an attachment surface and positional reference for a dental guide during a dental prosthesis installation procedure"<br><br>*See* Claim 6; USP 11,173,016 at 1:31-45 and 4:1-12. |
| **"configured and dimensioned to surround teeth of the patient"**<br><br>Claim 8 | "configured and dimensioned to enclose at least some teeth of the patient, although complete enclosure of any tooth is not required"<br><br>*See* USP 11,173,016 at 1:32-45, 4:54-62 and 8:1-13; Figs. 12A-12D. | "configured and dimensioned to extend around tooth surfaces; complete enclosure of any tooth is not required"<br><br>*See* Claim 8; USP 11,173,016 at 4:63-5:10. |

---

[2] Plaintiffs reserve the right to propose constructions and brief the proper constructions for any additional claim terms identified for construction by Defendant. Plaintiffs further reserve the right to add, delete, or otherwise modify the terms Plaintiffs propose for construction depending on the terms and constructions that Defendant proposes as well as the meet and confer process in this litigation.

[3] Plaintiffs reserve the right to rely on any intrinsic evidence cited by Defendant. Plaintiffs further reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by Defendant during the claim construction briefing. Plaintiffs also reserve the right to rely on extrinsic evidence.

| | | |
|---|---|---|
| **"slot"**<br><br>Claims 7 and 9 | "a narrow opening for receiving something"<br><br>*See* USP 11,173,016 at 4:44-5:11 and 5:46-57; Fig. 1, 6 and 7. | "a narrow opening or recess for receiving something"<br><br>*See* Claims 7 and 9; USP 11,173,016 at 4:44-5:10. |
| **"installing the mouthpiece onto at least some surfaces of the maxillary or mandibular portion of the mouth of the patient to assist in positioning the fixation base appropriately prior to installing the fixation base to maxillary or mandibular bone tissue of the patient"**<br><br>Claim 13 | No construction needed.<br><br>Plaintiffs have proposed constructions for "mouthpiece" and "fixation base." Otherwise, the difference between the plain meaning of the terms in this claim limitation and the construction proposed by Defendant is a negative limitation unrelated to clarifying of any of the terms in the limitation. | This limitation does not require the mouthpiece to contact the opposing dental arch.<br><br>*See* Claim 13; USP 11,173,016 at 6:50-64; September 16, 2020 Amendment and Remarks at 14, WAT000448-WAT000450. |