IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WATSON GUIDE IP, LLC and GUIDEDSMILE, LLC, | ) | |
| Plaintiffs/Counterclaim-Defendants, | ) | |
| v. | ) | C.A. No. 25-1515-JLH |
| 360 IMAGING, LLC d/b/a 3Sixty, | ) | **JURY TRIAL DEMANDED** |
| Defendant/Counterclaim-Plaintiff. | ) | |

**DEFENDANT 360 IMAGING, LLC d/b/a 3Sixty's PROPOSED SECOND AMENDED ANSWER AND COUNTERCLAIMS TO AMENDED COMPLAINT**

Defendant 360 Imaging, LLC d/b/a 3Sixty ("Defendant") answers the Amended Complaint filed by Watson Guide IP, LLC and GuidedSMILE, LLC (collectively, "Plaintiffs") concerning U.S. Patent No. 11,173,016 (the "'016 Patent"), denies that it infringes any valid and enforceable claim, and asserts defenses and counterclaims directed to infringement, validity, and enforceability. In this pleading, the "Accused Product" means the "360 Anatomic Guide" product and services as alleged in the Amended Complaint and its exhibits; the "Asserted Claims" are any claim(s) of the '016 Patent that Plaintiffs contend are infringed in this action; and the "Critical Date" is the earliest effective filing date to which one or more Asserted Claims of the '016 Patent are entitled. Unless expressly admitted, Defendant denies each and every allegation of the Amended Complaint. Defendant's responses are made pursuant to Fed. R. Civ. P. 8(b) and 8(c). To the extent any exhibit to the Amended Complaint contains assertions of fact, Defendant denies those assertions unless expressly admitted herein.

1. Defendant admits only that Plaintiffs allege infringement and inducement of infringement of the ’016 Patent based on the Accused Product. Defendant denies that it has infringed, is infringing, or has induced infringement of any valid and enforceable Asserted Claim of the ’016 Patent, and denies that Plaintiffs are entitled to any relief.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 and therefore denies them.

4. Defendant admits that it is 360 Imaging, LLC, a Delaware limited liability company, doing business as 3Sixty. Defendant admits that its business address is currently at 6445 Powers Ferry Rd. NW, Suite 360, Atlanta, GA 30339, and denies the allegation that its business address is in Atlanta, GA 30328. Defendant denies the remaining allegations of paragraph 4.

5. Defendant admits that Plaintiffs purport to assert claims under the patent laws of the United States. Defendant denies any liability to Plaintiffs.

6. Defendant admits that this Court generally has subject matter jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any allegation, to the extent made, that Plaintiffs have standing and/or have joined all required parties with sufficient exclusionary rights to seek the relief requested. Defendant otherwise denies the allegations of paragraph 6 to the extent a response is required.

7. Solely for purposes of this action, Defendant admits that it is subject to personal jurisdiction in this District. Defendant denies any allegation that Defendant is a “Delaware

corporation" and affirmatively states that Defendant is a Delaware limited liability company.

8. Solely for purposes of this action, Defendant admits that venue is proper in this District. Defendant denies any allegation that Defendant is a "Delaware corporation" and affirmatively states that Defendant is a Delaware limited liability company.

9. The allegations in paragraph 9 concern matters not within Defendant's knowledge; Defendant therefore denies them.

10. Defendant admits only that GuidedSMILE, LLC has filed a Rule 7.1 disclosure identifying ROE Dental Laboratory, Inc. as its corporate parent. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, including any allegations concerning Plaintiffs' respective ownership, licensing status, exclusionary rights, or any exclusive licensee in or to the '016 Patent, and therefore denies them. Defendant further denies that Plaintiffs have standing to assert the '016 Patent to the extent they lack sufficient exclusionary rights and/or fail to join necessary parties, including ROE Dental Laboratory, Inc. to the extent ROE holds exclusionary rights by virtue of any license, transfer, or other arrangement.

11. Defendant admits only that Exhibit A to the Amended Complaint appears to be a copy of U.S. Patent No. 11,173,016 with an issue date of November 16, 2021, and that the face of Exhibit A reflects statements regarding related applications and priority applications, including that the '016 Patent states it claims the benefit of U.S. Provisional Application No. 62/508,377, filed May 18, 2017. Defendant does not admit the accuracy of any such statements. Defendant does not admit that any Asserted Claim is entitled to any particular priority date or effective filing date and denies that Plaintiffs' alleged priority or effective

filing dates apply to any Asserted Claim. Defendant will contest claim construction and the proper identification of any Asserted Claim(s), and denies any allegations to the extent they are inconsistent therewith. Defendant denies that any such statements establish the effective filing date of any Asserted Claim. Defendant denies any remaining allegations in paragraph 11 to the extent a response is required.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, including whether Plaintiffs complied with 35 U.S.C. § 287(a), and therefore denies them. Defendant further denies that Plaintiffs are entitled to recover damages for any period of noncompliance with 35 U.S.C. § 287(a). Defendant further denies that Plaintiffs may recover pre-suit damages absent compliance with 35 U.S.C. § 287(a).

13. Defendant admits that Plaintiffs' counsel sent correspondence dated on or about October 12, 2022 that referenced the '016 Patent, and Defendant further admits receipt of that correspondence. Defendant denies that any such correspondence establishes that Plaintiffs complied with 35 U.S.C. § 287(a) or otherwise entitles Plaintiffs to damages, enhanced damages, or other relief. Defendant denies infringement, denies willful infringement, and denies any entitlement to enhanced damages. Defendant otherwise denies the remaining allegations in paragraph 13.

14. Defendant does not dispute that the parties, through counsel, communicated regarding licensing and related issues. Defendant otherwise denies the allegations in paragraph 14.

15. Defendant acknowledges that, on or about January 23, 2024, Plaintiffs' counsel transmitted correspondence. Defendant denies that any claim charts, mappings, or other

attachments to that correspondence, if any, accurately describe Defendant's products or establish infringement, and otherwise denies the allegations in paragraph 15.

16. Defendant admits only that, as of January 2024, Defendant and Plaintiffs, through counsel, communicated regarding licensing-related issues and, in that context, referenced the then-pending 3D Scan Guide litigations. Defendant denies that any binding agreement was formed to postpone, defer, or toll any dispute concerning the '016 Patent, denies any waiver of rights or defenses, and denies any characterization of counsel communications inconsistent with their full context. Defendant further denies that any such communications constituted a promise not to sue, a tolling agreement, or any agreement affecting limitations, laches, or equitable defenses. Defendant further denies the remaining allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17 in their entirety.

18. Defendant admits that it has no license, covenant, settlement, or other authorization from Plaintiffs (or their affiliates) to practice the '016 Patent. Defendant denies any remaining allegations in paragraph 18 to the extent a response is required.

19. Defendant does not dispute that it offers products and services under the "360 Anatomic Guide" branding. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits only that the Amended Complaint and attached Exhibit B include purported mappings of claims 6, 7, 8, 9, 10, and 13 of the '016 Patent to an accused product. Defendant denies that any such mapping is accurate or complete, denies infringement, and otherwise denies the remaining allegations in paragraph 20.

21. Defendant acknowledges that it provides certain general informational, educational, or training materials relating to Defendant's products and services. Defendant denies that any

such materials instruct, encourage, or are intended to cause infringement of any valid and enforceable Asserted Claim of the ’016 Patent. Defendant further denies that any product, component, material, or article it makes, uses, offers for sale, or sells is especially made or adapted for infringement or is not suitable for substantial non-infringing use. Defendant otherwise denies the remaining allegations in paragraph 21.

22. Defendant does not dispute that it maintains and controls certain content on its website. Defendant denies that its website content instructs, encourages, or is intended to cause infringement of any valid and enforceable Asserted Claim of the ’016 Patent, and otherwise denies the remaining allegations in paragraph 22.

23. Defendant acknowledges that it has made available video content relating to Defendant's products and services. Defendant denies that any such video content instructs, encourages, or is intended to cause infringement of any valid and enforceable Asserted Claim of the ’016 Patent, and otherwise denies the remaining allegations in paragraph 23.

24. Defendant does not dispute that it offers training and education relating to Defendant's products and services. Defendant denies that any such training or education instructs, encourages, or is intended to cause infringement of any valid and enforceable Asserted Claim of the ’016 Patent, and otherwise denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

## II. AFFIRMATIVE DEFENSES

By pleading these defenses, Defendant does not assume any burden of proof that remains with Plaintiffs. Defendant asserts the following affirmative defenses:

### AS A FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim):

Plaintiffs fail to state a claim upon which relief can be granted, including for induced infringement and willfulness.

### AS A SECOND AFFIRMATIVE DEFENSE (Non-Infringement):

Defendant has not infringed and does not infringe, directly or indirectly, any valid and enforceable Asserted Claim of the ’016 Patent.

### AS A THIRD AFFIRMATIVE DEFENSE (No Induced Infringement — No Predicate Direct Infringement):

Plaintiffs’ inducement claim is barred to the extent Plaintiffs cannot establish predicate direct infringement by any third party of any valid and enforceable Asserted Claim of the ’016 Patent.

### AS A FOURTH AFFIRMATIVE DEFENSE (No Induced Infringement — No Knowledge / No Specific Intent):

Plaintiffs’ inducement claim is barred to the extent Plaintiffs cannot prove Defendant possessed the requisite knowledge and specific intent to encourage infringement of any valid and enforceable Asserted Claim of the ’016 Patent.

### AS A FIFTH AFFIRMATIVE DEFENSE (No Direct Infringement of Method Claims / Divided Infringement):

To the extent any Asserted Claim is a method claim requiring performance of steps by multiple actors, Plaintiffs' claims are barred because no single entity performs all steps (and/or practices all claim limitations), and Defendant does not direct or control any third party in a manner sufficient to attribute performance to Defendant.

**AS A SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity — 35 U.S.C. §§ 101, 102, 103, or 112):**

One or more Asserted Claims of the '016 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112.

**AS A SEVENTH AFFIRMATIVE DEFENSE**
**(Invalidity — On-Sale/Public Use/Otherwise Available to the Public — 35 U.S.C. § 102(a)(1)):**

Before the Critical Date, the subject matter of one or more Asserted Claims was in public use, on sale, offered for sale, and/or otherwise available to the public. Accordingly, one or more Asserted Claims of the '016 Patent are invalid under 35 U.S.C. § 102, including § 102(a)(1).

**AS AN EIGHTH AFFIRMATIVE DEFENSE**
**(No Willfulness; No Enhanced Damages — 35 U.S.C. § 284):**

Plaintiffs are not entitled to enhanced damages because Plaintiffs cannot satisfy the requirements for willfulness.

**AS A NINTH AFFIRMATIVE DEFENSE**
**(Marking / Notice Limitation — 35 U.S.C. § 287):**

To the extent Plaintiffs (or any licensees) made, used, offered for sale, or sold products practicing the '016 Patent, Plaintiffs' recovery of damages is limited or barred for any period of noncompliance with 35 U.S.C. § 287.

**AS A TENTH AFFIRMATIVE DEFENSE**
**(Damages Time Limitation — 35 U.S.C. § 286):**

Any recovery of damages, if any, is limited by 35 U.S.C. § 286.

**AS AN ELEVENTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages — Apportionment / Reasonable Royalty):**

Any damages award, if any, must be properly apportioned to the value of the patented invention and may not include value attributable to unpatented features, services, or other factors.

**AS A TWELFTH AFFIRMATIVE DEFENSE**
**(No Lost Profits):**

Plaintiffs are not entitled to lost profits.

**AS A THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief):**

Plaintiffs are not entitled to injunctive relief.

**AS A FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Exceptional-Case Relief):**

Plaintiffs are not entitled to attorneys' fees or other exceptional-case relief.

**AS A FIFTEENTH AFFIRMATIVE DEFENSE**
**(Laches — Equitable Relief Only):**

To the extent Plaintiffs seek equitable relief (including injunctive relief), any such relief is barred or limited by laches and Plaintiffs' unreasonable and inexcusable delay in filing suit, and the resulting prejudice to Defendant. This defense is asserted only as to equitable relief.

**AS A SIXTEENTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel):**

To the extent supported by the evidence, Plaintiffs' claims are barred, in whole or in part, by equitable estoppel because, after sending correspondence on or about October 12, 2022 referencing the '016 Patent, Plaintiffs did not file suit on the '016 Patent and later engaged in licensing-related communications. Those communications included January 23, 2024 correspondence from Plaintiffs' counsel concerning a possible sublicense of the '016 Patent and related Watson patents

to Defendant, followed by an agreed period for further response through February 5, 2024. By that course of conduct, including delay in filing suit while licensing-related communications were ongoing, Plaintiffs reasonably could have conveyed that they would not immediately sue on the ’016 Patent. Defendant relied on that course of conduct in continuing its business and related activities, and Defendant would suffer economic and/or evidentiary prejudice if Plaintiffs are permitted to proceed.

**AS A SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Standing / Failure to Join Necessary Parties):**

Plaintiffs lack standing or have failed to join one or more required parties with sufficient exclusionary rights, including ROE Dental Laboratory, Inc. to the extent ROE holds exclusionary rights by virtue of any license, transfer, or other arrangement, as referenced in Plaintiffs’ pre-suit communications and in GuidedSMILE, LLC’s Rule 7.1 disclosure identifying ROE Dental Laboratory, Inc. as GuidedSMILE’s corporate parent, and/or any co-owner, and therefore Plaintiffs’ claims are barred in whole or in part.

**AS AN EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Priority / Effective Filing Date):**

~~One~~Defendant contends that claim 8 or ~~more Asserted Claims of the ’016 Patent are~~claim 13 is not entitled to the May 18, 2017 priority date~~. This includes, without limitation, any claim whose asserted priority depends on Applicant’s~~ only if Plaintiffs contend, or the Court determines, that the September 16, 2020 prosecution ~~position that the claimed invention includes “~~statement operates as a claim-limiting disclaimer under which the affected claim requires a mouthpiece ~~[~~that~~]~~ fits ~~to~~ portions of the treated jaw ~~being worked on, “~~“without needing to make contact with any part of the opposite set of teeth~~,” as described in the Twenty-Third Affirmative Defense below. The~~

earliest." Under that condition, the affected claim has an effective filing date of any such claim is laterno earlier than Plaintiffs contend.May 18, 2018.

**AS A NINETEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages):**

Plaintiffs' damages, if any, are barred or reduced to the extent Plaintiffs failed to mitigate them.

**AS A TWENTIETH AFFIRMATIVE DEFENSE**
**(Limitations on Scope; Prosecution History Estoppel; No Doctrine of Equivalents Recapture):**

The scope of any Asserted Claim is limited by the intrinsic record, including prosecution history disclaimer and/or estoppel, and Plaintiffs are barred from recapturing surrendered subject matter, including through the doctrine of equivalents.

**AS A TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(No Contributory Infringement):**

Plaintiffs cannot establish contributory infringement under 35 U.S.C. § 271(c).

**AS A TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Unenforceability - Inequitable Conduct):**

Plaintiffs' claims are barred, in whole or in part, because the '016 Patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office ("USPTO"), as set forth in Count III below.

**AS A TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Invalidity - Loss of Priority Date / Intervening Prior Art):**

To the extentFor claim 8 or claim 13, and only if Plaintiffs contend, or the Court determines, that any Asserted Claim of the '016 Patent is entitled to the May 18, 2017 priority date claimed from the '377 Provisional by virtue of theSeptember 16, 2020 prosecution position that the claimed invention includes "statement operates as a claim-limiting disclaimer under which the affected

claim requires a mouthpiece [that] fits to portions of the treated jaw being worked on, "without needing to make contact with any part of the opposite set of teeth," Defendant contends that the '377 Provisional does not clearly and adequately describe reasonably convey possession of that negative limitation. Accordingly, any such Asserted Claimscope to a person of ordinary skill. Under that condition, the affected claim is not entitled to the asserted May 18, 2017 priority date and is invalid under 35 U.S.C. §§ 102 and/or 103 in view of intervening prior art.the priority-dependent prior art identified in Defendant's invalidity contentions. To the extent the issued '016 Patent itself is found not to provide adequate written-description support for that limitation, any such Asserted Claimscope, the affected claim is additionally invalid under 35 U.S.C. § 112.

Defendant reserves the right to assert additional defenses that may arise through claim construction, fact and expert discovery, prior-art investigation, and other developments in this patent case.

## III. COUNTERCLAIMS

Without waiving its denials or affirmative defenses, Defendant asserts the following counterclaims against Plaintiffs under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States.

### A. Parties

1. Defendant 360 Imaging, LLC d/b/a 3Sixty is a Delaware limited liability company with a business address currently at 6445 Powers Ferry Rd. NW, Suite 360, Atlanta, GA 30339.
2. On information and belief, Plaintiff Watson Guide IP, LLC is a Delaware limited liability company.
3. On information and belief, Plaintiff GuidedSMILE, LLC is an Ohio limited liability company.

**B. Jurisdiction and Venue**

4. These counterclaims arise under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

5. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 2201–2202.

6. This Court has personal jurisdiction over Plaintiffs because Plaintiffs filed this action in this District and have availed themselves of this forum.

7. Venue is proper in this District because Plaintiffs chose this forum and asserted claims against Defendant here, and these counterclaims arise from the same transaction or occurrence as Plaintiffs' claims.

8. An actual, justiciable controversy exists between the parties concerning whether Defendant has infringed, is infringing, or will infringe any valid and enforceable Asserted Claim of the '016 Patent, and concerning the validity and enforceability of the Asserted Claims of the '016 Patent, as evidenced by Plaintiffs' assertions of infringement in this action.

**C. General Allegations**

9. Plaintiffs brought this action contending that Defendant's activities relating to the Accused Product infringe and induce infringement of the '016 Patent.

10. Defendant denies those allegations and denies that the Accused Product infringes any valid and enforceable Asserted Claim of the '016 Patent, directly or indirectly.

11. Defendant contends that one or more Asserted Claims of the '016 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, or 112.

12. Defendant seeks declaratory relief to resolve the parties' dispute and to eliminate the uncertainty created by Plaintiffs' infringement allegations, which Defendant contends rest on a patent that is invalid, not infringed, and unenforceable.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '016 Patent)**

13. Defendant incorporates by reference paragraphs 1-12 of these Counterclaims as if fully set forth herein.

14. Plaintiffs have alleged that Defendant has infringed or is infringing the '016 Patent and have sought relief based on those allegations.

15. Defendant has not infringed and does not infringe, directly or indirectly, any valid and enforceable Asserted Claim of the '016 Patent. The Accused Product does not practice one or more limitations of any Asserted Claim.

16. An actual controversy exists between the parties regarding infringement of one or more Asserted Claims of the '016 Patent warranting declaratory relief under 28 U.S.C. §§ 2201-2202.

**COUNT II**
**(Declaratory Judgment of Invalidity of One or More Asserted Claims of the '016 Patent)**

17. Defendant incorporates by reference paragraphs 1-12 of these Counterclaims as if fully set forth herein.

18. Plaintiffs have asserted one or more Asserted Claims of the '016 Patent against Defendant in this action.

19. One or more Asserted Claims of the '016 Patent are invalid for failing to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112.

20. Defendant contends that, before the Critical Date, the subject matter of one or more Asserted Claims was on sale, offered for sale, or in public use (in the United States and/or elsewhere), and/or otherwise available to the public.

21. On information and belief, prior to the Critical Date, third parties (a) commercially offered for sale and/or sold products, and/or (b) practiced methods, and/or publicly disclosed and/or publicly used systems or devices that anticipate at least one Asserted Claim and/or constitute prior art under 35 U.S.C. § 102 for purposes of invalidity under 35 U.S.C. §§ 102 and 103.

22. On information and belief, such prior art includes one or more pre-Critical Date commercial products and/or services and pre-Critical Date publications and/or patent documents in the field of guided dental surgery and related fixation systems. Such prior art includes, without limitation, ~~U.S. Patent Publication Nos. 2017/0252126 ('Llop '126')~~pre-Critical Date commercial activity and ~~2017/0265963 ('Yau'), each~~the as-filed subject matter of ~~which qualifies as prior art if the Asserted Claims are not entitled~~U.S. Application No. 15/282,613 (Llop '126) and U.S. Application No. 15/176,828 (Yau), subject to the ~~May 18, 2017~~statutory predicates and any applicable exceptions identified in Defendant's invalidity contentions. Defendant asserts those grounds independently of the priority~~ date~~ entitlement theory described below.

23. ~~Defendant further contends that one~~ For claim 8 or ~~more Asserted Claims of the '016 Patent are not entitled to the May 18, 2017 priority date claimed from the '377 Provisional to the extent~~claim 13, and only if Plaintiffs contend~~ those claims are supported by~~, or the ~~'377 Provisional by virtue of~~Court determines, that the September 16, 2020 prosecution ~~position that the claimed invention includes "~~statement operates as a claim-limiting

disclaimer under which the affected claim requires a mouthpiece [that] fits to portions of the treated jaw being worked on, "without needing to make contact with any part of the opposite set of teeth." The '377 Provisional ," Defendant contends that the affected claim is not entitled to the May 18, 2017 priority date claimed from the '377 Provisional. Defendant contends that the '377 Provisional does not clearly and adequately describe that negative limitation.reasonably convey possession of that scope to a person of ordinary skill. Under that condition, the affected claim has an effective filing date no earlier than May 18, 2018. U.S. Application No. 15/913,425, filed March 6, 2018 (Palmer), then qualifies under 35 U.S.C. §§ 102(a)(2) and 102(d) for the relied-upon March 6, 2018 as-filed subject matter, subject to the statutory predicates and any applicable § 102(b)(2) exception, and supplies the priority-dependent invalidity grounds disclosed in Defendant's Initial Invalidity Contentions. Accordingly, one or more Asserted Claims arethe affected claim is invalid under 35 U.S.C. §§ 102 and/or 103 in view of intervening prior art.. To the extent the issued '016 Patent itself is found not to provide adequate written-description support for that limitation, one or more Asserted Claims arescope, the affected claim is additionally invalid under 35 U.S.C. § 112.

24. Accordingly, Defendant seeks a declaration that one or more Asserted Claims of the '016 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

25. An actual, justiciable controversy exists between the parties regarding the validity of one or more Asserted Claims of the '016 Patent warranting declaratory relief under 28 U.S.C. §§ 2201-2202.

## COUNT III
## (Declaratory Judgment of Unenforceability of the '016 Patent - Inequitable Conduct)

26. Defendant incorporates by reference paragraphs 1–25 of these Counterclaims as if fully set forth herein.

27. Daniel R. Kimbell ("Kimbell") prosecuted U.S. Patent Application No. 15/984,309 (the "'309 Application"). He owed the United States Patent and Trademark Office ("USPTO") a duty of candor and good faith, including a duty not to make false or misleading statements of material fact. On information and belief, James A. Italia ("Italia") substantively participated in at least certain prosecution events described below, including the August 5, 2021 Examiner interview that immediately preceded the August 6, 2021 filing, and owed the same duty to the extent of his participation.

~~28. The '309 Application ran into prior art early.~~ 28. On March 19, 2020, the USPTO issued an Office Action rejecting then-pending claims as anticipated and/or obvious over, among other things, U.S. Patent Publication No. 2016/0038255 ("Llop '255"). ~~That rejection mattered. Applicant needed a path around Llop '255 to keep the application alive.~~

29. ~~Kimbell chose that path on~~In a September 16, 2020~~. In an~~ Amendment and Remarks ~~filed~~responding to ~~overcome~~ the ~~prior art rejections, he told the Examiner~~rejection, Kimbell argued that, "unlike Llop '255," the claimed invention includes "a mouthpiece [that] fits to portions of the jaw being worked on, without needing to make contact with any part of the opposite set of teeth." ~~He offered that distinction as part of his argument that the claims were patentable over Llop '255.~~

~~30. That was the point of the September 16 filing. And it was misleading. Llop '255 did not stop at the caricature presented to the Examiner. As the March 19, 2020 Office Action itself quoted from Llop '255 [0063], Llop disclosed indentations that can match one or~~

~~more portions of gum, dentition, or both. It also disclosed related patient-bite and clamping concepts used to position and stabilize the guide. Kimbell's September 16 remarks acknowledged those teachings, but recast them as opposite-arch bite-down positioning rather than Applicant's claimed mouthpiece positioning on the jaw being treated. In that respect, the response minimized Llop '255's dentition-assisted positioning teachings while using the asserted distinction to argue patentability.~~

30. Defendant relies on the September 16 statement here to identify the claim-scope position later encompassed by Applicant's categorical representations that all amended claims were fully supported by the '377 Provisional. Defendant does not allege that reasonable attorney argument concerning Llop '255, standing alone, constitutes inequitable conduct.

31. The ~~prosecution then shifted to a second problem: priority. The USPTO~~USPTO later repeatedly questioned whether the '309 Application was entitled to claim the benefit of ~~U.S. Provisional Application No. 62/508,377 (the "'377 Provisional") and whether the~~ the '377 Provisional ~~actually~~and whether the provisional provided written-description support for the ~~claims as~~ amended claims. The Examiner ~~said so~~raised those issues in the December 7, 2020 Office Action and maintained ~~those concerns~~them through at least the June 15, 2021 Final Office Action, ~~while also raising~~including figure-~~by-figure~~specific priority disputes and ~~objecting to the introduction of~~ objections concerning asserted new matter. ~~By June 2021, the Examiner's skepticism about priority was not a passing concern; it was a documented, recurring theme that Applicant could not have missed.~~

~~32. Kimbell answered that problem with certainty.~~ 32. After a May 20, 2021 Examiner-initiated interview memorialized by a USPTO Interview Summary Record, ~~he~~Kimbell filed a May 28, 2021 Amendment and Response stating: "Applicant respectfully submits

that all of the claims as amended herein are fully supported by the priority provisional patent application." He did not hedge. He did not carve out exceptions. He told the Examiner that all of the amended claims were fully supportedThe statement did not identify any exception or limitation.

33. Italia participated in thean August 5, 2021 Examiner interview immediately before the misrepresentation was repeated. The Examiner held that interview, again memorialized by the USPTO, to discuss concerning proposed claim, specification, drawing, and priority issues. The very next day,On August 6, 2021, Kimbell filed another Amendment and Response and repeated the same categorical assurancerepeating: "Applicant respectfully submits that all of the claims as amended herein are fully supported by the priority provisional patent application." The Examiner's concern could

34. Defendant's present inequitable-conduct theory principally concerns the May 28 and August 6 categorical provisional-support representations, not have been misunderstood. Applicant answered it with the same blanketthe September 16 characterization of Llop '255 standing alone. The September 16 statement anyway.

34. On information and belief, the September 16, 2020 representation concerning Llop '255 was materially false and/or misleading because it mischaracterized Llop '255's teachings regarding dentition- and/or bite-assisted positioning. Applicant used that distinction as part of its effort to get around the March 19, 2020 rejection.

is relevant because it identifies the claim-scope position allegedly encompassed by those later representations.

35. On information and belief, and under the conditional disclaimer theory alleged in paragraph 23, the May 28, 2021 and August 6, 2021 representations were materially false

and/or misleading for a second, different reason. At a minimum, those . Under that condition, the categorical statements swept in Applicant's prosecutionthat all amended claims were fully supported represented that the '377 Provisional supported the affected claim's full scope, including the September 16, 2020 position that the claimed invention includes "a mouthpiece [that] fits to portions of the jaw being worked on, without needing to make contact with any part of the opposite set of teeth." On information and belief, the '377 Provisional does not clearly and adequately describe that negative limitation. The provisionalThe '377 Provisional describes Guide #1 as a "Tooth Borne Guide or Denture Clone" and explains that the system uses the patient's existing teeth or denture teeth to set the fixation base and secure Guide #1, as depicted in Figure 2 and the accompanying description. It further states that, for partially edentulous patients, the first guide must "seat the teeth into the guide," and for fully edentulous patients, the copy setup guide must "match the occlusion of the verified actual setup." Those disclosures doThe quoted text does not clearly describeexpressly state that negative limitation, and the occlusion-based embodiment in particular is difficult to square with a mouthpiece that fits portions of the treated jaw without needing contact with any part of the opposite set of teeth. On information and belief, and from the perspective of a person of ordinary skill, the '377 Provisional as a whole, including Figures 2a–2d and the accompanying text, does not reasonably convey possession of that scope. Although the provisional also states that the fixation base is "not in contact with tissue, bone or teeth (non-anatomical)," that statement concerns the fixation base, not athe mouthpiece limitation of the kind later asserted.scope at issue. Applicant nevertheless told the USPTOrepresented that all amended claims were fully supported.

36. ~~This mattered. It mattered a great deal~~ Under the same conditional theory, Defendant contends that the May 28 and August 6 representations were material to patentability because ~~the Examiner repeatedly raised~~they directly addressed the Examiner's repeated priority and written-description ~~defects and did not accept the asserted priority position until after Applicant's categorical "fully supported" representations. The September 16, 2020 misrepresentation cleared the prior-art hurdle. The May 28 and August 6, 2021 misrepresentations secured the asserted priority date.~~concerns. Had the USPTO been accurately informed that the '377 Provisional did not ~~clearly~~ support ~~the no-opposite-teeth-contact limitation identified above, the USPTO~~that scope, the affected claim would not have ~~accorded~~received the asserted May 18, 2017 ~~priority date to at least one affected claim. And once that date fell, intervening prior art came into play, including, for example, U.S. Patent Publication Nos. 2017/0252126 ("Llop '126") and 2017/0265963 ("Yau"), each published after~~benefit and instead would have an effective filing date no earlier than May 18, ~~2017~~2018. Palmer, filed March 6, 2018, would then qualify under 35 U.S.C. §§ 102(a)(2) and 102(d) for the relied-upon as-filed subject matter, subject to the statutory predicates and ~~available as prior art if~~any applicable § 102(b)(2) exception. Defendant further contends that Palmer anticipates the ~~Asserted Claims are not entitled to that date. At least one~~ affected claim or, for claim 8, alternatively renders it obvious in view of Scherer; the affected claim therefore would not have ~~been allowed because loss of the asserted priority date would have exposed prior art rendering that claim unpatentable under 35 U.S.C. §§ 102 and/or 103.~~

~~37. That~~issued. Defendant's separate grounds based on pre-Critical Date commercial activity, Llop '126, Yau, and other earlier art are independent of this priority condition and are not

alleged to be the but-for consequence is not abstract. Plaintiffs' Amended Complaint and attached Exhibit B identify claims 6, 7, 8, 9, 10, and 13 of the '016 Patent as allegedly infringed. Defendant's priority challenge here centers on the patent's mouthpiece-related limitations, including Applicant's prosecution position that the claimed invention includes "a mouthpiece [that] fits to portions of the jaw being worked on, without needing to make contact with any part of the opposite set of teeth," and, as to claim 8, the further requirement of "a mouthpiece configured and dimensioned to surround teeth of the patient." Llop '126 published on September 7, 2017, after the asserted May 18, 2017 priority date but before the actual filing date of the '309 Application, which makes it intervening prior art if that priority date falls. In PGR2024-00040, the PTAB determined that claims 1-3, 7, 10, 14, 16, and 17 of the '209 patent were shown unpatentable under 35 U.S.C. § 103 over Llop '126 and Sichuan (and also over Llop '126, Sichuan, and Groscurth), and that claims 5, 6, and 12 were shown unpatentable under § 103 over Llop '126, Sichuan, and Scherer (and also over Llop '126, Sichuan, Scherer, and Groscurth). The Board further determined the challenged claims were not shown unpatentable on the Llop '126 + Yau grounds (or Llop '126 + Yau + Groscurth) because Petitioner did not show that Yau teaches the "surround" limitation.

38. The single most reasonable inference from this conduct is specific intent to deceive the USPTO. Kimbell did not make one stray statement. He made the same kind of statement at the precise moments when the USPTO's objections had to be overcome. He first narrowed away from Llop '255 by misstating what Llop taught. Then, after the Examiner challenged priority and written description support, he twice gave the USPTO the same categorical assurance that all amended claims were fully supported. He never corrected

~~the record. Italia then participated in the August 5, 2021 interview immediately preceding the August 6 submission and, on information and belief, at least participated in and/or caused the August 2021 misrepresentation. These were not loose words. They accomplished something. They removed the prior-art obstacle. They answered the priority problem. They kept the application moving toward allowance. No innocent explanation accounts for the pattern.~~

of the challenged provisional-support representations.

37. Plaintiffs assert claims 6, 7, 8, 9, 10, and 13 of the ’016 Patent. Defendant’s conditional priority challenge concerns only claim 8 and claim 13. Defendant’s Initial Invalidity Contentions chart the relied-upon March 6, 2018 as-filed Palmer subject matter as anticipating claim 13 and claim 8, including the underlying claim 6 limitations, and alternatively identify Palmer in combination with Scherer as rendering claim 8 obvious. The independently asserted pre-Critical Date commercial-activity, Llop ’126, Yau, and other earlier grounds remain available without regard to the priority condition.

38. On information and belief, the timing and repetition of the May 28 and August 6 representations, their direct relationship to the Examiner’s documented priority and written-description concerns, and the alleged failure to correct the record support a reasonable inference that Kimbell knew of the alleged provisional-support deficiency and made the challenged representations with specific intent to deceive the USPTO. Discovery concerning knowledge and intent remains ongoing.

39. On information and belief, Kimbell made the ~~September 16, 2020,~~ May 28, 2021~~,~~ and August 6, 2021 ~~statements~~provisional-support representations with specific intent to deceive the USPTO. Italia participated in the August 5, 2021 interview immediately

preceding the August 6 submission. Discovery concerning Italia's role in the preparation, approval, or filing of that submission ~~and, on information and belief, at least participated in and/or caused the August 2021 misrepresentation with the same purpose~~remains ongoing.

40. An actual, justiciable controversy exists between the parties regarding the enforceability of the '016 Patent warranting declaratory relief under 28 U.S.C. §§ 2201-2202.

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant 360 Imaging, LLC d/b/a 3Sixty respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Enter judgment in favor of Defendant and against Plaintiffs on all claims asserted in the Amended Complaint, and dismiss Plaintiffs' claims with prejudice;

B. Declare that Defendant has not infringed, is not infringing, and will not infringe, directly or indirectly (including by inducement or contributory infringement), any valid and enforceable Asserted Claim of the '016 Patent;

C. Declare that one or more Asserted Claims of the '016 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, or 112;

D. Declare that the '016 Patent is unenforceable due to inequitable conduct;

E. Enter judgment that Plaintiffs are not entitled to damages, enhanced damages, injunctive relief, ~~attorneys'~~attorneys' fees, or costs;

F. Award Defendant its costs;

G. Award Defendant post-judgment interest where applicable;

H. Award Defendant its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I. Award such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

*/s/ ~~Karen E. Keller~~Virginia K. Lynch*

Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant*

Dated: August 21, 2026